**FILED**

July 13, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **OCTAVIO DANIEL CABRERA VALDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-03504-OLG** |
| | § | |
| **FACILITY WARDEN, Karnes Immigration Processing Center, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Octavio Daniel Cabrera Valdez's Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court finds that the Petition must be denied for the reasons below.

## I.   BACKGROUND

Based on the record, Petitioner is a citizen of Mexico who was admitted to the United States on a visa on February 23, 2020, and overstayed. (Dkt. No. 1 at 4; Dkt. No. 4 at 2.) He was arrested by immigration officials as a result of a traffic stop on April 16, 2026; the Notice to Appear charged him with being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. (Dkt. No. 4-3 at 1.) On May 4, 2026, Petitioner received the bond hearing to which he is statutorily entitled pursuant to 8 U.S.C. § 1226(a). (*See* Dkt. No. 1 at 5; Dkt. No. 4 at 2.) The immigration judge (IJ) denied bond, finding that Petitioner "is a flight risk." (Dkt. No. 4-2 at 2.)

Petitioner initiated this action on May 29, 2026, seeking an order compelling his immediate release or requiring that he be given a constitutionally adequate bond hearing before a different IJ at which the Government bears the burden of proving the necessity of his continued detention. (*See* Dkt. No. 1 at 14–15.)

## II.   DISCUSSION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner proves that he is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner first contends that he is entitled to relief on the grounds that his continued detention violates due process because the IJ's order was based on "generalized assumptions and speculative concerns." (Dkt. No. 1 at 13.) The INA, however, strips the Court of jurisdiction to consider challenges, like this one, to the IJ's weighing of the evidence and factual findings. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision . . . regarding the detention of any alien or the revocation or denial of bond or parole."); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737–38 (S.D. Tex. 2025); *Shcherbinin*, 2025 WL 3687739, at *2; *see also Leon-Gonzalez v. Anda-Ybarra*, No. 26-CV-26, Dkt. No. 12 at *3 (W.D. Tex. Feb. 10, 2026); *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025); *Hernandez-Azuaje v. Hyde*, No. 25-CV-13224, 2026 WL 221833, at *1 (D. Mass. Jan. 28, 2026). Because § 1226(e) precludes judicial review of the IJ's evaluation of the evidence, the Court may not consider Petitioner's first basis for relief.

Petitioner next contends that his bond hearing was constitutionally inadequate based on the IJ's alleged failure to "rationally apply governing custody factors to the evidentiary record

presented." (Dkt. No. 1 at 14.) Although § 1226(e) does not deprive the Court of jurisdiction "to review statutory and constitutional challenges," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)), this is essentially a duplicate of Plaintiff's first contention—i.e., a challenge to the IJ's weighing of the evidence and factual findings—couched as a separate claim. As such, § 1226(e) precludes judicial review of Petitioner's second basis for relief.[1]

### III.    CONCLUSION

Based on the foregoing, Petitioner Octavio Daniel Cabrera Valdez's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July _____, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1]And to the extent Petitioner contends that due process requires a bond hearing at which the Government bears the burden of proof (*see* Dkt. No. 1 at 15 (requesting an order "that at any subsequent custody hearing the Government bear the burden of proving continued detention is necessary")), the Court cannot agree. *See Rahimi v. Thompson*, No. 25-CV-1338-OLG, Dkt. No. 23 at 5 (W.D. Tex. Apr. 7, 2026) ("If, in the criminal context, requiring citizens to bear the burden to show that they are not a danger to the community and a flight risk is not unconstitutional, it cannot be unconstitutional for the government to place a similar burden on a[ noncitizen] facing removal proceedings." (citing *Miranda v. Garland*, 34 F.4th 338, 363 (4th Cir. 2022))); *see also Demore*, 538 U.S. at 521 ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens."); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211 (9th Cir. 2022) (observing that there is "no Supreme Court case placing the burden on the government . . ., much less through an elevated 'clear and convincing' showing.").